DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WILLIAM THAYER** and **LOUISE A. JEFFERSON,**
Appellants,

v.

**GARY HAWTHORN,**
Appellee.

No. 4D22-244

[June 21, 2023]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Sarah Willis, Judge; L.T. Case No. 50-2017-CP-003545-XXXX-NB.

Peter A. Sachs, Kelly G. Nugent, and Alexander L. Brams of Jones Foster P.A., West Palm Beach, for appellants.

Brett C. Barner, Anya M. Van Veen, and Robb W. Armstrong of Barner & Barner, P.A., Palm Beach Gardens, for appellee.

**ON APPELLEE'S MOTION FOR REHEARING,
MOTION FOR REHEARING EN BANC, AND MOTION FOR CLARIFICATION**

WARNER, J.

We grant appellee's motion for rehearing, deny appellee's motion for rehearing en banc and motion for clarification, vacate our prior opinion, and substitute the following in its place.

In this case, we consider whether a spouse waived her homestead rights to her home, when she executed a warranty deed conveying the property to herself and her husband as tenants in common. The trial court found that she had waived her homestead rights to her husband's one-half interest, making his interest freely devisable and passing to his heirs when he predeceased his wife. We reverse, concluding that the warranty deed's language did not waive the spouse's homestead rights as required by section 732.702, Florida Statutes (2002).

Doris and James Hawthorn were married in July of 1978, until James' presumed death in July of 2014.  Doris and James had no children together, but Doris had five children from a previous relationship, including appellants.  Doris' surviving children are all adults.

Doris originally owned the property herself in fee simple.  In 1987, she quitclaimed the property to herself and James as joint tenants with rights of survivorship.

In 2002, as part of estate planning, Doris and James executed a warranty deed conveying one half of the property to each of their revocable trusts.  According to the deed, Doris and James were the grantors, and they were also each grantees, as the trustees of their individual trusts.  The deed acknowledged that as trustees they had "full power and authority to protect, conserve, sell, lease, encumber or otherwise to manage and dispose of the real property described herein, with each trustee having an undivided one-half Interest as tenant in common."  The operative words of conveyance were as follows:

> That said grantor, for and in consideration of the sum of TEN ($10.00) DOLLARS, and other good and valuable consideration to said grantor in hand paid by said grantee, the receipt whereof is hereby acknowledged, has granted, bargained and sold to the said grantee, and grantee's heirs and assigns forever . . . .

Their trusts provided that each trust would be for the surviving spouse's benefit.  After the surviving spouse's death, Doris' trust was to be disbursed to her children.  James' trust initially was to be fully disbursed to appellee—James' brother—but was amended in 2009, with Doris' knowledge, to leave seventy percent to appellee and thirty percent to Doris' children.

James disappeared in 2014 and was never found.  He was declared presumptively dead in 2017.  James was survived by appellee and no lineal descendants.  Doris died in July 2018, survived by her children.

After Doris' death, appellee filed a petition to determine the homestead status of James' half of the property.  Appellee's petition asserted that James was free to devise his one-half interest because Doris waived her homestead rights to his half via the warranty deed, and the house and 0.25 acres of the Property were exempt homestead property.

Appellants filed an answer and a counter-petition to determine the property's homestead status. Appellants argued that James' attempted devise of his share of the homestead pursuant to his trust failed, because Doris never waived her constitutionally protected homestead rights in the property. At James' death, the property could only be devised to Doris. Appellants also argued that Doris' exempt portion constituted the home and the entire contiguous 0.695 acres because she owned the property before it was incorporated into the municipality of Jupiter.

Answering appellants' counter-petition, appellee raised the affirmative defense of waiver, arguing that Doris had waived her homestead rights in the property by executing the 2002 warranty deed conveying half the property into Doris' and James' respective trusts.

The parties filed competing motions for summary judgment. Appellee argued that Doris and James had waived their respective homestead rights in the other spouse's one-half interest by executing the warranty deed. Appellee argued that section 732.702, Florida Statutes (2002), provided that a surviving spouse may waive his or her right to homestead property wholly or partially by written contract signed in the presence of two subscribing witnesses before or after entering a marriage, and that a waiver of "all rights" or equivalent language is a waiver of homestead rights. Appellee also relied on an affidavit and deposition of Doris' and James' estate planning attorney who testified that they had intended to waive their homestead interests.

Appellants argued that Doris never waived her homestead rights in James' one-half interest. The warranty deed did not contain operative language, such as conveying "all rights," to waive Doris' homestead rights, and there was no other documentary evidence in the form required under section 732.702(1) to waive Doris' rights.

The competing motions were brought to a hearing. At the hearing, appellants argued additionally that the warranty deed tracked the language of section 689.02(1), Florida Statutes (2002). They contended that if that language was sufficient to waive homestead rights, then every warranty deed would act as a waiver of homestead rights. Appellee responded that the precatory language was not in the statute, i.e., that the trustees had "full power and authority to protect, conserve, sell, lease, encumber or otherwise to manage and dispose of the real property described herein." Regardless, appellee argued the warranty deed demonstrated both spouses' intent to waive their homestead rights.

3

After the hearing, the trial court issued an order granting final summary judgment in favor of appellee. The trial court found that pursuant to section 732.702 and this Court's holding in *Stone v. Stone*, 157 So. 3d 295 (Fla. 4th DCA 2014), Doris and James had waived their own homestead rights in the other spouse's one-half interest in the property. Alternatively, the court found that based upon the affidavits from the estate planning attorney, there was no dispute that Doris intended to waive her homestead rights in the half of the property transferred to James' trust. The court also determined that James' portion of the homestead was 0.25 acres. After the court denied a motion for rehearing, appellants filed this appeal.

Appellate courts review a trial court's entry of summary judgment de novo. *United Auto. Ins. Co. v. Lauderhill Med. Ctr. LLC*, 350 So. 3d 754, 756 (Fla. 4th DCA 2022). Summary judgment is appropriate where the movant shows there are no genuine disputes as to any material facts and that the movant is entitled to judgment as a matter of law. Fla. R. Civ. P. 1.510(a).

The question presented in this appeal is whether the 2002 warranty deed waived Doris' and James' homestead rights in each other's one-half interest in the property. We conclude that the language of the deed was insufficient to waive homestead.

The Florida Constitution provides that a homestead is generally not devisable:

> The homestead shall not be subject to devise if the owner is survived by spouse or minor child, except the homestead may be devised to the owner's spouse if there be no minor child. The owner of homestead real estate, joined by the spouse if married, may alienate the homestead by mortgage, sale or gift and, if married, may by deed transfer the title to an estate by the entirety with the spouse. If the owner or spouse is incompetent, the method of alienation or encumbrance shall be as provided by law.

Art. X, § 4(c), Fla. Const.

However, Florida law allows spouses to waive all types of spousal rights, including rights to the homestead. Section 732.702 provides:

4

> The rights of a surviving spouse to . . . homestead . . . , may be waived, wholly or partly, before or after marriage, by a written contract, agreement, or waiver, signed by the waiving party in the presence of two subscribing witnesses. . . . Unless the waiver provides to the contrary, a waiver of "all rights," or equivalent language, in the property or estate of a present or prospective spouse . . . , is a waiver of all rights to . . . homestead . . . , by the waiving party in the property of the other and a renunciation by the waiving party of all benefits that would otherwise pass to the waiving party from the other by intestate succession or by the provisions of any will executed before the written contract, agreement, or waiver.

§ 732.702(1), Fla. Stat. (2002).

The trial court relied on *Stone* to conclude that the warranty deed was sufficient to waive homestead rights. *Stone*, however, is distinguishable.

In *Stone*, as in this case, spouses had transferred their homestead to themselves as tenants in common and subsequently transferred their interests into their own trusts. 157 So. 3d at 297. The deed's language splitting the property into tenancy in common interests stated that the spouse "grants, bargains, sells, aliens, remises, **releases,** conveys, and confirms" the property "together with all the tenements, **hereditaments**, and appurtenances thereto belonging or in anywise appertaining." *Id.* at 304 (emphasis added). Without citation, this court concluded that this language was sufficient to waive homestead rights under the statute. *Id.*

While one may question whether the language in *Stone* was sufficiently specific to waive homestead, it is still more specific than the deed's language in this case. The *Stone* deed released the property and also conveyed the property "together with all . . . hereditaments." *Id.* A hereditament is "[a]ny property that can be inherited; anything that passes by intestacy." *Hereditament, Black's Law Dictionary* (11th ed. 2019). The language thus conveyed the spouse's inheritance interest in the property, and this would include her constitutional right to the inheritance of the homestead. Moreover, the deed released the spouse's rights in the property. The warranty deed here contains no language of release or of conveyance of a hereditament. The grantor simply "granted, bargained and sold" the property to the grantee. This is insufficient to constitute a written waiver of homestead rights as required by section 732.702(1).

*Stone* generated concern as to what language in a deed would constitute a waiver of homestead rights. *See* Jeffrey S. Goethe & Jeffrey A. Baskies, *Homestead Planning Under Florida's New "Safe Harbor" Statute*, 93 Fla. B. J. 36 (May/June 2019). To provide guidance, the Legislature enacted section 732.7025, Florida Statutes (2018), providing that a deed containing certain language would constitute a waiver of the homestead rights:

> (1) A spouse waives his or her rights as a surviving spouse with respect to the devise restrictions under s. 4(c), Art. X of the State Constitution if the following or substantially similar language is included in a deed:
>
> "By executing or joining this deed, I intend to waive homestead rights that would otherwise prevent my spouse from devising the homestead property described in this deed to someone other than me."

While this statutory provision does not apply in this case, it is illustrative of the point that language waiving a constitutional right must be able to be clearly understood as waiving the right. Similarly, in *Merli v. Merli*, 332 So. 3d 1020 (Fla. 4th DCA 2022), in discussing the waiver of rights in a marital settlement agreement, we stated, "[p]ursuant to the plain language of section 732.702 and the partial marital settlement agreement, neither the decedent nor the wife **explicitly waived** their right to an elective share, intestate share, pretermitted share, homestead, exempt property, family allowance, or preference as personal representative." *Id.* at 1022 (emphasis added). Here, James' and Doris' warranty deed does not contain language clearly evincing a waiver of the homestead right.

Because the statute requires that a spouse execute a written waiver in front of subscribing witnesses, and we have concluded that the deed is not a waiver, external evidence such as the estate planning attorney's testimony cannot correct the deed. The statute requires the waiver to be in writing. Allowing parol evidence to supplement the writing not only would violate the statute, but it would also wreak havoc on land transfers. If one could go behind a deed to determine whether homestead protection had been waived, title examiners could not rely on the recorded deeds to determine whether or not interests remained in property. That, of course, is why the Legislature provided definitive waiver language for inclusion in deeds as a "safe harbor" for conveyances of homestead.

We also reverse the trial court's conclusion that James' homestead interest in the property was the home and 0.25 acres. The court found that the 1.39 acre property was located within a municipality and because Article X, section 4(1) limits the size of the homestead in a municipality to 0.5 acres, the court decided that James' interest was reduced to the home and 0.25 acres. However, appellants alleged in their pleadings and in their motion for summary judgment, and appellee alleged in his motion for summary judgment, that Doris owned the property prior to it being annexed into a municipality. Therefore, the nonmunicipal 160-acre limit to the homestead exemption may apply, which would mean that all 1.39 acres of the property was exempt homestead. *See* Art. X, § 4(a)(1), Fla. Const. (providing that if the homestead is "located outside a municipality," the exemption applies "to the extent of one hundred sixty acres of contiguous land and improvements thereon, *which shall not be reduced without the owner's consent by reason of subsequent inclusion in a municipality*[] . . .") (emphasis added).

In his motion for summary judgment, appellee contested the application of the nonmunicipal exemption because both conveyances involving James—Doris' conveyance to herself and James as joint tenants, and then both of their conveyances to their respective trusts—occurred after the property's annexation into Jupiter, so James only had an ownership and homestead interest in the property while it was incorporated in a municipality and therefore could only have claimed up to half an acre as his exempt homestead. Thus, a disputed issue of material fact and law remains as to whether the municipal or nonmunicipal limit to the homestead exemption applies, precluding summary judgment on the issue of what portion of the property is subject to the homestead exemption from devise. If the nonmunicipal limit applies, then the exempt homestead is all 1.39 acres, and James could not devise any of it. If the municipal limit applies, then the exempt homestead is 0.5 acres, and the court must determine what remaining portion of the total property was devisable by James.

**Conclusion**

The Florida Constitution protects the homestead upon the death of an owner by precluding its devise when there is a spouse. Homestead rights may be waived in accordance with the statutory provisions of section 732.702(1), Florida Statutes (2002). In this case, we conclude the warranty deed did not waive homestead, because it lacked language specifically releasing inheritance rights. We reverse the final summary

judgment in favor of appellee and remand for further proceedings in accordance with this opinion.

*Reversed and remanded with instructions.*

GERBER and LEVINE, JJ., concur.

\* \* \*

***Final Upon Release; No Motion for Rehearing Will Be Entertained.***